UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    TROY J. SIMERSON and
    JAMIE E. SIMERSON,                     Case No. 16-22227-dob
         Debtors.                              Chapter 13 Proceeding
_____/       Hon. Daniel S. Opperman

## OPINION REGARDING MOTION FOR SANCTIONS FILED BY CHAPTER 13 TRUSTEE THOMAS MCDONALD

The Debtors, Troy and Jamie Simerson, filed this Chapter 13 case on December 22, 2016. On Schedule D, the Debtors list a joint secured debt in the amount of $119,568.00 owing to Lake Huron Credit Union ("Lake Huron") secured by real property located at 300 Colorado Ridge, Hemlock, Michigan. Lake Huron filed a Proof of Claim concerning this debt, Proof of Claim No. 9-1, on March 1, 2017, claiming as secured the amount of $120,975.54, with no monthly escrow payment listed. This claim stated that the Debtors were in arrears $3,116.95 as of December 22, 2016. This claim was amended twice, on May 4, 2017, and again on July 20, 2018. The May 4, 2017 amendment included a reference to a $207.33 monthly escrow, but the arrearage remained constant, as did the total monthly payment of $1,034.85. The July 20, 2018 amendment disclosed a full escrow analysis from May 24, 2016, when Lake Huron rewrote the note and required the Debtors to have an escrow account for their taxes. In turn, this caused Part 3 to be modified to report an arrearage of $2,482.56 for principal and interest, a $609.39 escrow shortage, but with the total pre-petition arrearage remaining at $3,116.95.[1]

---

[1] It appears Lake Huron rebalanced the total pre-petition arrearage by reducing the principal and interest balance from $3,091.95 to $2,482.56, but increased the escrow shortage from $0 to $609.39.

1

On April 18, 2018, the Chapter 13 Trustee, Thomas McDonald, filed this Motion for Costs and Attorneys' Fees after Lake Huron filed its first amendment to the Proof of Claim on May 4, 2017. In his Motion, the Trustee argues that Lake Huron failed to include with its Proof of Claim an escrow analysis as required by Federal Rule of Bankruptcy Procedure 3001(c)(2)(B), which resulted in his office being unable to "adequately determine if there is an escrow shortage or deficiency which may impact the feasibility of the Debtors' plan." The Trustee claims this caused his office additional work in determining whether an escrow shortage existed in the first place. This additional work included contacting Lake Huron for additional information, which was not forthcoming. The Trustee also mentions other cases, involving this and other creditors, in which this particular law firm, which the Trustee characterizes as comprised of "sophisticated creditor attorneys," has similarly failed to include "elementary and basic details." This, the Trustee states, "hampers the Chapter 13 Trustees' ability to effectively administer his assigned Chapter 13 case." The Trustee requests $400.00 in attorneys' fees for the "additional work" he describes he was forced to undertake in this case.

Lake Huron responds to this Motion, asserting first, the omission of an escrow analysis from a year ago would not help the Trustee in identifying whether a current escrow analysis of shortage exists. Rather, an attachment of such to a proof of claim early on in the case, would only identify a pre-petition escrow shortage. Second, any fees or costs incurred by the Trustee were not caused by any violation of Rule 3001(c)(2)(B); rather, such were caused by the Trustee himself in filing the instant Motion. Disputing the Trustee's argument to the contrary, Lake Huron asserts that any fees incurred could have been avoided by the Trustee asking Lake Huron for the escrow account status information through informal means.

The latest amendment filed by Lake Huron to its Proof of Claim on July 20, 2018, included an escrow analysis from July 1, 2016 going forward, the first payment date after which the loan was

rewritten in May 2016.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Authorities

Federal Rule of Bankruptcy Procedure 3001(c)(2)(B) states:

**(c) Supporting Information.**

\* \* \* \*

**(2)** *Additional Requirements in an Individual Debtor Case; Sanctions for Failure to Comply.*  In a case in which the debtor is an individual:

\* \* \* \*

**(B)** If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.

Federal Rule of Bankruptcy Procedure 3001(c)(2)(D) specifies possible relief available for failure to comply with subdivision (c) of this Rule and states:

**(D)** if the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

**(I)** preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

**(ii)** award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

## Analysis

Under the above-cited subsections of Rule 3001, a bankruptcy court has the authority to

order that the creditor be precluded from presenting the omitted information, or may award monetary sanctions if a creditor fails to submit the supporting information required by Rule 3001(c). Here, the Trustee is only seeking monetary sanctions. Plainly reading Rule 3001(c)(2)(D), the Court determines that first, it must find that Lake Huron's initial failure to include the escrow analysis caused the Trustee to incur the requested attorney fees. The Court concludes that the Trustee's Motion sufficiently states the required causation. Such was originally omitted, and the Trustee asserts attorney fees were incurred as a result. The analysis does not end, however, with causation.

Second, Rule 3001(c)(2)(D)(ii), addressing monetary sanctions, conditions the award of such on being "reasonable." While the Trustee may take the position that the escrow analysis was necessary in order for the Trustee to, as he asserts, "adequately determine if there is an escrow shortage or deficiency which may impact the feasibility of the Debtors' plan," the Court concludes that such an analysis early on in the case would not be helpful to determine feasibility going forward. The first amended claim filed on May 4, 2017, approximately two months after the original claim was filed, indicated the monthly escrow payment for the Trustee to administer the payments to Lake Huron. Rule 3001(c)(2)(B) requires "a statement of the amount necessary to cure any default as of the date of the petition." Thus, the Trustee had all of the information required by this subsection in order to determine feasibility. The Court agrees with Lake Huron that with mortgage claims in particular, it is understood that there is less certainty of payment amounts going forward, and notices of payment change may be filed by the mortgagee claimant. Throughout this case, Lake Huron has consistently stated that the pre-petition arrears to it is $3,116.95, an amount lower than the $3,600.00 estimated by the Debtors in their plan. Also, the $1,034.85 monthly payment, which includes escrow, is a constant.

The Court need not address the reasonableness of alleged informal communications, or lack thereof, between the Trustee and Lake Huron, because each side disagrees with what occurred on

this point. The Trustee states his "office has contacted [Lake Huron] for this additional information but it has not been forthcoming," and Lake Huron states that this "motion could have been avoided by asking for the required information (the current escrow status, etc.) through informal means." Both sides agreed the record is complete, and the Court cannot determine based upon this record what communications were attempted. The Court can conclude that this information was not necessary for a feasibility analysis, and thus did not benefit the bankruptcy estate and creditors. Accordingly, any attorney fees incurred were unreasonable as a matter of law.

But the Trustee also argues that post confirmation, the failure of Lake Huron to include escrow information hampered his ability to administer this case because the Debtors knew there was an escrow and therefore did not pay their real estate taxes. It was not until the May 4, 2017 amendment that an escrow was disclosed by Lake Huron with a full and complete disclosure made over a year later on July 20, 2018. And Lake Huron has not offered any reason why it took so long to amend its claim a second time, especially after the escrow was established in 2016.

For this reason, some attorney fees were incurred that could have been avoided, so an award of reasonable fees is appropriate. *See Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334, 337-38 (6th Cir. 1991) (adopting the lodestar method as the appropriate means of fee calculation in bankruptcy cases, and directing that a "bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area.").

Here, the unexplained deficiencies and delays in filing a full and complete proof of claim did cause the Trustee to devote more attention than was usual to solve a rather straightforward issue of payment of real estate taxes. Accordingly, the requested attorney fees of $400.00, which is

supportable using a range of 2-4 hours and an hourly rate range of $125.00-$200.00 per hour, are reasonable.

Therefore, the Court awards $400.00 to the Trustee. The Court will prepare an order consistent with this Opinion.

**Not for Publication**

**Signed on November 21, 2018**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge

6

16-22227-dob    Doc 102    Filed 11/21/18    Entered 11/21/18 14:48:00    Page 6 of 6